UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
JOYCE A. McMAHON,

        Plaintiff,          **MEMORANDUM & ORDER**
                                     12-CV-5878(KAM)(RML)

    -against-

JEH JOHNSON, Secretary U.S.
Department of Homeland Security,
    et al.,

        Defendant.
-----------------------------X

**MATSUMOTO, United States District Judge**:

      On September 26, 2014, plaintiff Joyce A. McMahon moved for preliminary injunction against defendant Jeh Johnson, Secretary of the U.S. Department of Homeland Security ("Homeland Security") and non-party Eric H. Holder, Jr., Attorney General of the United States. (Pl.'s Mot. for Prelim. Inj. ("Mot."), ECF No. 52.) For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

      On November 26, 2012, plaintiff commenced this *pro se* action alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"). Plaintiff alleges discrimination in connection with the agency's decision to rescind her conditional job offer for

1

an auditor position in 2008. (Compl., ECF No. 1, at 4; Def.'s Mem. Of Law in Opp. To Pl.'s Mot. for Prelim. Inj. ("Def.'s Opp. Mem."), ECF No. 55.)

**DISCUSSION**

Plaintiff, who now resides in Colombia, seeks an Order to enjoin the defendant and the United States Attorney General from "additional acts of organized gang stalking, also formerly known as Counter Intelligence Program, including all forms of interference in [her] private and public life." (Mot., ECF No. 52, at 1.) Plaintiff also alleges "organized gang stalking" by the "Counter Intelligence Program of the Federal Bureau of Investigation." (Statement of Joyce Andrea McMahon Sept. 26, 2014 on Gang Stalking Victimization ("Statement"), ECF No. 52-1.) Specifically, plaintiff alleges that she has recently experienced the following:

- Global employment blacklisting
- Employment offer followed by malicious harassment with obvious intent to hire to defame
- Constant physical and electronic stalking
- Frequent photographing in public spaces
- Interference in email correspondence
- Interference in telephone over internet communications
- Interference in Skype communications

- Targeting [her] computer for wi-fi interference

- Illegal drugging without [her] knowledge or consent with the intent to induce paranoia

- Neutralization of on-line communications including, but no limited to Facebook

- Impromptu interviews intended to gather information to be used to intercept productive activities

- Staged "friends" and acquaintances used to gather information to intercept any and all forms of sustenance

- Attempted murder through starvation as a result of all of the above

- Attempted portrayal of [plaintiff] as mentally unstable as a result of illegal drugging and daily harassment inside [her] home

(Statement, ECF No. 52-1.) Plaintiff also alleges in her Reply that she continues to be "harassed by the defendant and/or his agents" and that the defendant is "responsible" for the multiple thefts of her passport. (Pl.'s Reply ("Reply"), ECF No. 57, at 2.)

To obtain a preliminary injunction, the moving party must show irreparable harm, and either (a) the likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships decidedly tipped in the movant's favor. *Green Party of New York State v. New York State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir. 2004). A

moving party must demonstrate irreparable harm before any other requirement for the issuance of an injunction may be considered. *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

Plaintiff fails to demonstrate irreparable harm as required for preliminary injunctive relief. The Second Circuit has defined "irreparable harm" as "certain and imminent harm for which a monetary award does not adequately compensate," noting that "only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief." *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003); *see also Kamerling*, 295 F.3d at 214 ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)).

With respect to plaintiff's allegations of difficulty securing employment,[1] the court finds that this harm is not

---

[1] The court construes plaintiff's allegation of "global employment blacklisting" as an allegation of difficulty securing employment. (Statement, ECF No. 52-1.) Additionally, the court construes plaintiff's further allegations of "interference in [her] job search" from her Memorandum in Support re First Motion for Preliminary Injunction ("Memo"), dated November 21, 2014 and filed on December 2, 2014, nearly two months after her opening motion for preliminary injunction, as alleging difficulty in finding other employment. (ECF No. 60.) Plaintiff offers evidence that an individual named Tameka B., described on LinkedIn as a Management and Program Analyst at Customs and Border Protection in Washington, D.C., viewed plaintiff's LinkedIn profile in November 2014. (ECF No. 60-2.) Plaintiff alleges that this same individual had notified plaintiff that she failed her background investigation with the agency on March 4, 2008. (Memo, ECF No. 60.) Plaintiff also attached an email thread from a potential employer, "showing no reply

4

alleged in plaintiff's complaint and, in any event, is compensable by damages and, thus, does not constitute "irreparable harm." *See, e.g., Sampson v. Murray*, 415 U.S. 61, 89-92 (1974)(holding that injuries such as loss of income, damage to reputation, and difficulty in finding other employment do not rise to the level of irreparable injury necessary to obtain a preliminary injunction); *Hyde v. KLS Prof'l Advisors, LLC*, 500 Fed. Appx. 24, 26 (2d Cir. 2012)("Difficulty obtaining a job is undoubtedly an injury, but it is not an irreparable one . . . ."); *Piercy v. Federal Reserve Bank,* Nos. 02 Civ. 5005, 02 Civ. 9291, 2003 WL 115230, at *3 (S.D.N.Y. Jan 13, 2003)(Chin, D.J.)("In the employment context, '[c]ourts are loathe to grant preliminary injunctions,' because injuries often associated with employment discharge, such as damage to reputation, financial distress, and difficulty finding other employment, do not constitute 'irreparable harm.'")

With respect to plaintiff's other allegations of "organized gang stalking," the court declines to grant preliminary injunctive relief based only on plaintiff's speculative and unsubstantiated assertions. *See Kamerling*, 295 F.3d at 214 (noting that preliminary relief cannot be founded on "remote or speculative" harms). Plaintiff has failed to produce

---

from the school following the profile view by Tameka b." (*Id.*) The court notes that plaintiff's evidence does not show that a "profile view," which amounts to viewing the plaintiff's public profile on LinkedIn, a social media network, caused the harm alleged.

5

any evidence showing that the alleged "photographing in public places" and "stalking activities" actually occurred or that defendant is connected to the alleged stalking and photographing harm that plaintiff alleges. Moreover, plaintiff has made only conclusory allegations regarding interference with plaintiff's email, computer use, telephone over the internet, and Skype. Finally, plaintiff's remaining allegations such as "illegal drugging of plaintiff with intent to induce paranoia," "staged 'friends' and acquaintances used to gather information," "attempted murder through starvation as a result of all of the above," and "attempted portrayal of [plaintiff] as mentally unstable," are conclusory and unsupported by any evidence. Accordingly, the court cannot conclude that plaintiff has presented any credible evidence of irreparable harm. Consequently, plaintiff's notion for preliminary injunction must be, and is, denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion for preliminary injunction is denied.

**SO ORDERED.**

Dated: December 8, 2014
       Brooklyn, New York

_____/s/_____
**Hon. Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York