UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JOYCE A. McMAHON,

                                Plaintiff,

        -against-

JEH JOHNSON, Secretary, U.S. Department
of Homeland Security

                                Defendant.

----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

12-cv-5878 (KAM)(RML)

**MATSUMOTO, United States District Judge:**

        On November 26, 2012, plaintiff Joyce A. McMahon ("plaintiff" or "Ms. McMahon"), commenced this action against Jeh Johnson[1], the Secretary of the Department of Homeland Security ("DHS" or "defendant" or the "agency"). (Compl., ECF No. 1.) Plaintiff alleges that defendant discriminated against her on the basis of her race, color, national origin, sex, and age and then retaliated against plaintiff for her complaint to the agency's Equal Opportunity Office ("EEO") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621-634.

        On November 19, 2013, defendant moved to dismiss the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson, Secretary of the U.S. Department of Homeland Security, is automatically substituted as the defendant in this action.

complaint or, in the alternative, for summary judgment.  (Mot. to Dismiss for Failure to State a Claim or, in the alternative, Mot. for Summ. J., ECF No. 34.)  By order dated April 11, 2014, the court referred the motion to Magistrate Judge Robert Levy for Report and Recommendation ("R&R").  On June 10, 2014, plaintiff moved to amend her complaint, attaching her proposed amendments.  (Mot. to Amend Complaint ("Am. Compl."), ECF No. 37.[2])  In light of plaintiff's uncertainty about whether she would continue to litigate the case or change venue, the court terminated defendant's motion to dismiss or, in the alternative, for summary judgment by order dated September 11, 2014.  By order dated December 2, 2014, the court reinstated defendant's motion.

On August 27, 2015, Judge Levy issued a R&R recommending that the court grant in part and deny in part defendant's motion and that the court grant in part and deny in part plaintiff's motion to amend the complaint.  (R&R, ECF No. 64.)  Specifically, the R&R recommended that the court dismiss plaintiff's Title VII claims but not dismiss her age discrimination claims under the ADEA, which Judge Levy

---

[2] The court notes that plaintiff's Motion to Amend with her proposed amendments is identical to plaintiff's Motion to Amend in her related case, 13-cv-1404, which is also before this court.  Although the court is aware that plaintiff seeks to consolidate the two actions, they are not currently consolidated, and thus the court considers the R&R in this case independently from the related case.

recommended should be remanded to the EEOC for administrative exhaustion. (R&R at 20-21.) The R&R recommended that the court deem plaintiff's complaint as amended with respect to her failure to hire claim and the alleged breach of the settlement agreement and that the court deny plaintiff's motion to amend in all other respects. (*Id.*) The R&R informed the parties that any objections to the R&R must be filed within fourteen days. (*Id.*) The court granted plaintiff's two requests for extensions to file her objections, and plaintiff filed her objections on October 15, 2015.[3] (Objections to R&R ("Obj."), ECF No. 77.) Defendant filed no response to plaintiff's objections.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In light of plaintiff's

---

[3] The court does not address plaintiff's allegations of Judge Levy's bias in this Order, but considers her arguments in a separate order discussing plaintiff's request for recusal of Judges Masumoto and Levy.

objections, the court has conducted a *de novo* review of Judge Levy's Report and Recommendation.

### A. <u>Motion to Dismiss for Failure to State a Claim</u>

The R&R considered whether the settlement agreement that the parties entered into precluded plaintiff's claims in the instant litigation. Applying the motion to dismiss standard, the R&R found that plaintiff failed adequately to allege that she signed the settlement agreement under duress and that plaintiff failed adequately to allege a breach of the settlement agreement by defendant. Plaintiff objects that the R&R failed to consider all of her arguments as to why the settlement agreement was void, specifically lack of good faith, frustration of purpose, violation of public policy, lack of agency, fraud in inducement, duress, and lack of consideration. (Obj. at 3-8.)

As an initial matter, plaintiff failed to allege, in either her original or amended complaint, that the settlement agreement was void due to frustration of purpose, lack of agency, and fraud in inducement. (*See* Compl., Am. Compl.) Nor did plaintiff argue that the settlement agreement was void due to frustration of purpose, lack of agency, or fraud in inducement in her opposition to defendant's motion. (*See* Pl.'s Resp. to Def.'s Mem. of Law ("Pl.'s Resp."), ECF No. 31-3.)

Plaintiff is thus "precluded from raising" these arguments "for the first time in [her] objections." *Sanchez v. Keller*, No. 06 Civ. 3370, 2008 WL 461593, at *1 (S.D.N.Y. Feb. 15, 2008).

Construing plaintiff's complaint and arguments liberally because plaintiff is *pro se*, the court considers plaintiff's allegations of bad faith as a claim for breach of the implied covenant of good faith and fair dealing. *See 511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500 (2002). A claim for breach of the implied covenant of good faith and fair dealing, however, is not a separate cause of action, but duplicative of the underlying breach of contract claim. *See Harris v. Provident Life & Accident Ins. Co.*, 3010 F.3d 73, 80 (2d Cir. 2002) (affirming district court's dismissal of a claim for breach of the implied covenant of good faith and fair dealing as duplicative of the underlying breach of contract claim, where both breaches were based upon the same facts). As Judge Levy recommended in his thorough R&R, the court finds that plaintiff's allegations are insufficient to state a plausible claim for breach of the settlement agreement, because they merely recite the elements in a formulaic fashion and allege bare legal conclusions and insufficient facts. Consequently, plaintiff's claim that the settlement agreement is void due to bad faith is also dismissed.

Plaintiff has also failed adequately to allege factual matter to state a plausible claim that the settlement agreement is void for violation of public policy or lack of consideration. Plaintiff's allegations of violation of public policy are merely legal conclusions which are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2007). With respect to plaintiff's claim of lack of consideration, it is undisputed that the defendant agency provided a conditional offer of employment to the plaintiff in the settlement agreement, which is a benefit that constitutes adequate consideration for the waiver of her claims arising from her March 28, 2008 contact with the agency's EEO office.

Plaintiff's objection to Judge Levy's recommendation that the court dismiss her claim that the settlement agreement is void due to duress merely reiterates the arguments made in her opposition. The court adopts the R&R's cogent analysis that plaintiff has failed to allege the contract is void due to duress, because the duress at issue did not originate from the defendant. (R&R at 12.) Although plaintiff characterizes defendant's delay in hiring her as the cause of her difficult economic circumstances, Judge Levy appropriately determined "that characterization conflates her need for a job and an income and improper pressure from the defendant." (*Id.*)

B. **Motion for Summary Judgment**

Applying the summary judgment standard, construing all facts most favorably toward the plaintiff, the R&R found that plaintiff knowingly and voluntarily waived her Title VII claims arising from her March 28, 2008 contact with the agency's EEO office pursuant to the settlement agreement. (R&R at 17.) The R&R, however, recommended denying defendant's motion as to plaintiff's ADEA claims and remanding the ADEA claims to the EEOC for plaintiff to administratively exhaust those claims. (R&R at 20.)

Plaintiff objects to the R&R's recommendation that the settlement agreement's waiver was knowing and voluntary. The court finds Judge Levy's consideration of the knowing and voluntary factors cogent and thorough. The R&R noted, *inter alia*, that plaintiff is an educated person, that plaintiff had discussions with the agency before the settlement agreement was finalized, the settlement agreement was written in clear language and advised plaintiff to seek counsel, and plaintiff received a conditional job offer in exchange for her waiver, something she was not otherwise entitled to. (R&R at 18-19.) Upon the court's *de novo* review, the court finds that the waiver of plaintiff's Title VII claims was knowing and voluntary.

In her objections, plaintiff reiterates her argument

7

that because the settlement agreement does not contain a severability clause, the waiver's failure as to plaintiff's ADEA claims invalidates the entire waiver. As the R&R stated, however, "courts regularly enforce waivers and releases as to Title VII claims even when they fail to satisfy the requirements of the [Older Worker Benefit Protection Act]." (R&R at 20 n.13 (citing *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 428 (2002)); *see also Tung v. Texaco Inc.*, 150 F.3d 206, 209-10 (2d Cir. 1998) (affirming the dismissal of plaintiff's Title VII claims but vacating the dismissal of his ADEA claims).

C. **Motion to Amend**

The R&R recommends that plaintiff's motion to amend be granted to the extent it adds detail to plaintiff's failure to hire claim and to her claim that defendant breached the settlement agreement, but denied to the extent it seeks to add claims related to the agency's alleged failure to provide training and to her treatment by her co-workers and supervisors. (R&R at 8.) Plaintiff does not object to the denial of the motion to amend to add claims, but asserts that the alleged delay of her training is relevant to her claim that the settlement agreement was formed in bad faith. As previously discussed, the alleged breach of the implied covenant of good faith and fair dealing is duplicative of the breach of contract

claim, and the alleged delay of plaintiff's training has no bearing on the breach of contract claim.

## CONCLUSION

For the foregoing reasons, the court adopts the R&R in its entirety. Consequently, plaintiff's complaint is deemed amended with respect to her failure to hire claim and the alleged breach of the settlement agreement, but denied in all other respects. Defendant's motion for summary judgment is granted as to plaintiff's Title VII claims and denied with respect to plaintiff's age discrimination claim under the ADEA. Plaintiff's ADEA claim is therefore remanded to the EEOC for administrative exhaustion. It appears that plaintiff's ADEA claims may have already been remanded by the EEOC. (*See* ECF No. 31-5 at 7.) In any event, defendant is directed to file a letter two weeks from today regarding the status of the administrative exhaustion of plaintiff's age discrimination claims under the ADEA.

**SO ORDERED.**

Dated:   January 20, 2016
         Brooklyn, New York

                                      ___/s/_____
                                      Kiyo A. Matsumoto
                                      United States District Judge