```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

JOYCE A. McMAHON,

                       **ORDER**

        Plaintiff,        12-cv-5878 (KAM)(RML)
                              13-cv-1404 (KAM)(RML)

   -against-

JEH JOHNSON, Secretary, U.S. Department
of Homeland Security


        Defendant.
```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        Plaintiff Joyce A. McMahon ("plaintiff" or "Ms. McMahon") commenced two actions against Jeh Johnson[1], the Secretary of the Department of Homeland Security ("DHS" or "defendant" or the "agency"), alleging that defendant discriminated against her on the basis of her race, color, national origin, sex, and age and then retaliated against plaintiff for her complaint to the agency's Equal Opportunity Office ("EEO") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination and Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621-634.

        In September 2015, plaintiff filed identical motions to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson, Secretary of the U.S. Department of Homeland Security, is automatically substituted as the defendant in this action.

recuse Judge Matsumoto in both cases. (Mot. to Recuse, ECF No. 66, 12-cv-5878, dated Sept. 7, 2015; ECF No. 45, 13-cv-1404, dated Sept. 8, 2015.) On October 16, 2015, the government filed its response. (Response to Mot. to Recuse, ECF No. 79, 12-cv-5878, dated Oct. 16, 2015; ECF No. 59, 13-cv-1404, dated Oct. 16, 2015.) Plaintiff filed her reply in December 2015. (Reply in Supp. of Mot. to Recuse ("Reply"), ECF No. 83, 12-cv-5878, dated Dec. 3, 2015; ECF No. 61, 13-cv-1404, dated Dec. 3, 2015.) In her objections to Judge Levy's Report and Recommendations ("R&R") in the two cases, plaintiff also seeks Judge Levy's recusal. (Obj. to R&R, ECF No. 77, 12-cv-5878, dated Oct. 8, 2015; ECF No. 58, 13-cv-1404, dated Oct. 13, 2015.) For the reasons stated in this order, plaintiff's requests to recuse Judge Matsumoto and Judge Levy are denied.

In her opening motion, plaintiff alleges that Georgetown University, the Georgetown University Wall Street Alliance, the Georgetown University Alumni Club of Caracas, and Georgetown University Career Education Center were involved in "gang-stalking activities" against plaintiff and attempted to frustrate her search for employment. (Mot. to Recuse at 2-3.) In her reply, plaintiff further alleges that Georgetown University "conceived, created and brought to life" the Department of Homeland Security. (Reply at 2.) Plaintiff seeks the recusal of Judge Matsumoto on

2

the ground that "[a]s a graduate of the Georgetown Law Center" Judge Matsumoto "can be presumed to be protective" of the reputation of the Georgetown University Law Center and her fellow alumni and the law faculty. (*Id*. at 3.) Plaintiff seeks the recusal of Judge Levy on the ground that he and his wife, who is a current or former family court judge in New York City, "likely know" the persons and organizations involved in the organized gang-stalking of plaintiff. (Obj. to R&R at 1-2.)

Section 455(a) of title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States,* 510 U.S. 540, 546 (1994); *Thomas v. New York City Hous. Auth.*, No. 14-CV-4636, 2015 WL 2452576, at *2 (E.D.N.Y. May 20, 2015). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky,* 510 U.S. at 546; *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107–08 (2d Cir. 2012) ("The question, as we have put it, is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" (quoting *United States v. Carlton,* 534 F.3d

3

97, 100 (2d Cir. 2008)).

Plaintiff has not made any factual allegations to suggest that an objective, disinterested observer would question either this court's or Judge Levy's impartiality. Judge Matsumoto's affiliation with Georgetown University Law Center as an alumna, without more, does not merit recusal. *See, e.g.*, *Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (in action by former medical student against university, recusal not warranted because judge's graduation from university's law school, his making of alumni contributions and his participation in educational programs at the law school did not provide an objectively reasonable basis for questioning his impartiality); *cf. Longi v. New York,* 363 Fed. App'x 57 (2d Cir. 2010) (affirming denial of recusal motion where district judge and magistrate judge were previously employed by defendants). Plaintiff's allegations that Judge Levy and his wife "are likely" to know persons or organizations that are involved with the "gang-stalking" of plaintiff are far too speculative to merit recusal.

Consequently, for the reasons stated herein, plaintiff's requests to recuse this court and Judge Levy are hereby denied.

**SO ORDERED.**

Dated:   January 20, 2016
         Brooklyn, New York

_____  ___/s/_____
Kiyo A. Matsumoto
United States District Judge